IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>   Sean Norman<br>                     Debtor<br><br>U.S. ROF II Legal Title Trust 2015-1, by<br>U.S. Bank National Association, as Legal<br>Title Trustee c/o Fay Servicing, LLC<br><br>                     Movant<br><br>    vs.<br><br>Sean Norman<br><br>                     Debtor/Respondent<br><br>    and<br><br>William C. Miller, Esquire | : Bankruptcy No. 16-16080-mdc<br>: Chapter 13<br>: |

## CONSENT ORDER / STIPULATION AGREEMENT SETTLING
## MOTION FOR RELIEF FROM AUTOMATIC STAY

AND NOW, upon the Motion, U.S. ROF II Legal Title Trust 2015-1, by U.S. Bank National Association, as Legal Title Trustee c/o Fay Servicing, LLC ("Movant" or "Creditor"), through its counsel, Hladik, Onorato & Federman, LLP, for relief from the automatic stay pursuant to Bankruptcy Code § 362(d) as to certain real property, located at 48 Great Oak Rd, Levittown, PA 19057-3314 (the "Property"), it is hereby agreed as follows:

1. Sean Norman ("Debtor") acknowledges that the following post-petition amounts are due as follows:

| | | |
|---|---|---|
| Payments 1/01/2017 – 07/01/2017 @ *$1,147.22/monthly* .. | $ | 8,030.54 |
| Less Suspense ................................................................... | $ | (91.12) |
| Attorney Fees for Motion for Relief ................................... | $ | 850.00 |
| Filing Fee for Motion for Relief ......................................... | $ | 181.00 |
| Arrears ("Total Arrears") .................................................... | $ | **8,970.42** |

2. Debtor shall cure the Total Arrears as set forth above by paying one-ninth (1/9) of the Total Arrears by the payment of $996.72/month for the next nine (9) months, together with the regular monthly mortgage payment (currently $1,147.22/month), for a total combined monthly payment of ***$2,143.94*** for the next nine (9) months beginning on ***August 1, 2017***. In the event the regular monthly payment changes for any reason, then the amount due pursuant to this

Paragraph shall be adjusted accordingly. Thereafter, Debtor agrees to continue making the regular monthly mortgage payments.

3. Debtor shall make the regular monthly payments required to the Trustee.

4. Debtor agrees to continue making the regular post-petition monthly mortgage payments to Movant in the amount of **$1,147.22** (or as may be adjusted from time to time, as per standard escrow practices), commencing with the **8/01/2017** payment and monthly for every payment thereafter.

5. Debtor shall send all payments due directly to Creditor at the address below:

> **Fay Servicing, LLC**
> **440 S. LaSalle**
> **Ste. 2000**
> **Chicago, IL 60605**

Fay Servicing, LLC's loan #xxxxxx2836 must appear on each payment made hereinafter.

6. In the event Debtor fails to make any of the payments set forth hereinabove (or real estate taxes and/or hazard insurance when due) on or before their due dates, Movant and/or Counsel may give Debtor and Debtor's counsel notice of the default. If Debtor does not cure the default within ten (10) days of the notice, upon Certification of Default to the Court, and request for Order, with a copy to Debtor and Debtor's counsel, Movant shall immediately have relief from the bankruptcy stay.

7. The failure by the Creditor, at any time, to file a Certification of Default upon default by the Debtor shall not be construed, nor shall such failure act, as a waiver of any of Movant's rights hereunder.

8. Upon issuance of the aforesaid Order, the parties hereto further agree that Movant may proceed in state court to exercise all rights and remedies available to it as a mortgagee and creditor under state and federal law including, but not limited to, the initiation of and continuation of foreclosure and execution process through sheriff's sale concerning the Property and ejectment thereafter.

9. In the event Debtor converts to a bankruptcy under Chapter 7 of the Bankruptcy Code, then Debtor shall pay all pre-petition arrears and post-petition arrears within ten (10) days from the date the case is converted. If Debtor fails to make payment in accordance with this paragraph then the Movant, through Counsel, may file a certification setting forth said default and be entitled to Relief from Stay.

10. It is further agreed that the 14-day stay provided by Rule 4001(a)(3) is hereby waived.

By signing this Stipulation, Debtor's Counsel represents that the Debtor is familiar with and understands the terms of this Stipulation and agrees to said terms regardless of whether the Debtor has actually signed this Stipulation. Seen and agreed by the parties on the date set forth below:

_____
Danielle Boyle-Ebersole, Esquire
Counsel for Creditor

Date: 7/17/17

_____
Brad J. Sadek, Esquire
Counsel for Debtor

Date: 7/19/17

_____
William C. Miller, Esquire
Trustee

Date: 7/18/17     No objection

*without prejudice to any trustee rights or remedies